IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JADE EMORY, | ) | CIVIL NO. 05-00671 SOM/LEK |
| | ) | |
| Plaintiff | ) | |
| | ) | ORDER DISMISSING AMENDED |
| vs. | ) | COMPLAINT; ORDER GRANTING |
| | ) | PLAINTIFF LEAVE TO FILE |
| UNITED STATES DEPARTMENT OF | ) | SECOND AMENDED COMPLAINT |
| HOUSING AND URBAN | ) | |
| DEVELOPMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING AMENDED COMPLAINT; ORDER GRANTING
PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT

I.        INTRODUCTION AND BACKGROUND.

On July 14, 2006, Plaintiff Jade Emory ("Emory") filed

the amended complaint ("Complaint") against Defendants United

States Department of Housing and Urban Development ("HUD"), the

Secretary of HUD, and the Director of the San Francisco HUD

Regional Office (collectively, "Defendants").  The Complaint

alleges that Defendants:  (1) committed various torts, including

fraud, gross negligence, gross mismanagement, retaliation, and

"intentional infliction of physical, financial and emotional

hardship"; (2) violated the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 et seq.,[1] and section 504 of the

_____

[1] Although the Complaint does not specify which ADA Title
was violated, the court construes the Complaint as alleging
violations of Title II, which prohibits discrimination in the
provision of public services.  Title I concerns employment and
Title III concerns public accommodations and services operated by
private entities, neither of which is applicable to the
allegations set forth in the Complaint.

Rehabilitation Act, 29 U.S.C. § 794; (3) violated 42 U.S.C. § 1983; (4) refused to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq.; and (5) committed perjury by submitting fraudulent evidence to this court.

On the same day, Emory moved "to require Defendant to comply with [FOIA] and to release all records requested by Plaintiff." Emory claims that HUD improperly denied her FOIA requests for her records. Emory appealed the denial of one of her FOIA requests, which was affirmed by letter dated August 7, 2006. Emory did not exhaust her administrative remedies before filing this lawsuit.

Emory also moves "for a hearing to prove Defendant submitted perjury to this court" and "to dismiss defendant's submission of perjury." Emory challenges a declaration HUD submitted in support of its motion for summary judgment regarding the original complaint. As this court dismissed the original complaint on sovereign immunity grounds and denied HUD's summary judgment motion without addressing its merits or considering the allegedly fraudulent declaration, the court never relied on that declaration. That declaration is no longer before this court.

On August 3, 2006, Defendants filed a motion to dismiss Emory's complaint. Defendants argue that: (1) Emory's tort claims are barred by her "failure to file the administrative claim that is a prerequisite to a suit in tort against the United

2

States" under the Federal Tort Claims Act ("FTCA"); (2) the doctrine of sovereign immunity bars Emory's claims under the ADA and the Rehabilitation Act; (3) § 1983 does not apply to federal officers acting under color of federal law; (4) Emory's FOIA claim is premature as she did not exhaust her administrative remedies before bringing this action; and (5) Emory may not assert a claim for perjury in this civil action.  The court agrees and dismisses Emory's claims.  This ruling makes Emory's motions moot.[2]

II.      LEGAL STANDARD.

        A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer subject matter jurisdiction on the court, or attack the existence of subject matter jurisdiction in fact.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207

---

        [2] The court exercises its discretion to dispose of the pending motions without a hearing.  See Local Rule 7.2(d) ("The court, in its discretion, may decide any motion without a hearing.").

(9th Cir. 1996).  When the motion to dismiss is a factual attack
on subject matter jurisdiction, however, no presumptive
truthfulness attaches to the plaintiff's allegations, and the
existence of disputed material facts will not preclude the trial
court from evaluating for itself the existence of subject matter
jurisdiction in fact.  <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.
Conclusory allegations of law and unwarranted inferences are
insufficient to defeat a motion to dismiss.  <u>In re Syntex Corp.
Sec. Lit.</u>, 95 F.3d 922, 926 (9th Cir. 1996).  A plaintiff has the
burden of proving that jurisdiction exists.  <u>Thornhill Publ'g
Co.</u>, 594 F.2d at 733.

III.    <u>ANALYSIS.</u>

        Emory has not filed an opposition to Defendants' motion
to dismiss.  However, because Emory is proceeding <u>pro</u> <u>se</u>, this
court must construe Emory's pleadings liberally.  <u>See</u> <u>Balistreri
v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990) ("pro
se pleadings are liberally construed, particularly where civil
rights claims are involved").  In so doing, the court deems
arguments made in the Complaint and the pleadings supporting
Emory's motions to be arguments opposing Defendants' motion to
dismiss.

        A.    <u>Emory's Tort Claims.</u>

        Defendants argue that Emory's tort claims "are barred
by plaintiff's failure to file the administrative claim that is a

prerequisite to a suit in tort against the United States under the [FTCA]." Motion to Dismiss at 7. Because the Complaint does not properly allege that Emory exhausted her administrative remedies and brought this action in a timely manner, and because Emory did not respond to the exhaustion argument with evidence of timely exhaustion, the court dismisses Emory's tort claims.

"Tort claims against the United States are exclusively cognizable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2679(a)." DSI Corp. v. Sec'y of Housing & Urban Dev., 594 F.2d 177, 180 (9th Cir. 1979). Under 28 U.S.C. § 2675(a),

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

"[I]f the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification." 28 C.F.R. § 14.9(a); see also Graham v. United States, 96 F.3d 446, 448 (9th Cir. 1996) ("The time for filing a district court action begins to run when the agency mails the notice of denial.").

The Ninth Circuit says, "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA and, as such, should be

affirmatively alleged in the complaint." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 640 (9th Cir. 1980) (citing <u>Caton v. United States</u>, 495 F.2d 635 (9th Cir. 1974)).  "A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." <u>Id.</u> (citing <u>Martin v. United States</u>, 436 F. Supp. 535 (S.D. Cal. 1977)); <u>see also</u> <u>DSI Corp.</u>, 594 F.2d at 180 ("even if appellants had alleged jurisdiction under the [FTCA], their action would be barred by their failure to file an administrative claim"); <u>Gartner v. Sec. & Exch. Comm'n</u>, 913 F. Supp. 1372 (C.D. Cal. 1995) ("a federal court may not exercise subject mater jurisdiction under FTCA until administrative remedies have been exhausted").  "However, the pleader should be given an opportunity to file an amended complaint to attempt to cure such pleading defects." <u>Gillespie</u>, 629 F.2d at 640 (citing <u>Martin</u>, 436 F. Supp. at 538).

    In the Complaint, Emory alleges that Defendants committed various torts, including fraud, gross negligence, gross mismanagement, retaliation, and intentional infliction of physical, financial, and emotional hardship.<sup>3</sup>  The Complaint also alleges that these torts are brought under the FTCA.  However, the Complaint does not allege that Emory has presented those tort

---

    <sup>3</sup> The Complaint also asserts a claim against Defendants for "Breach of Trust because they misrepresented themselves as upholding discrimination laws."  Complaint ¶ A.  The court construes this claim as a tort claim for misrepresentation.  If Emory meant to assert a breach of trust claim, she may reassert that claim in an amended complaint and should state which trust was breached and which trust duties were violated.

claims to the appropriate federal agency and awaited final decision by the agency.  See 28 U.S.C. § 2675(a).  The Complaint does state that Emory:  (1) "filed charges against [Hawaii Housing Authority] with HUD" in 1995; (2) "sought assistance from the Defendants 5 times"; and (3) "filed her first complaint with the Defendants against [Housing and Community Development Corporation of Hawaii (HCDCH")]."  Complaint ¶¶ B(1), E(2), J. The Complaint is unclear, however, as to whether her complaints to HUD concerned the torts alleged in the Complaint. Furthermore, even if those complaints did concern the torts alleged in the Complaint, Emory was required to file suit within six months after the agency mailed her its denial of her tort claims.  See 28 C.F.R. § 14.9(a); Graham, 96 F.3d at 448.  On the record before this court, the court cannot determine whether Emory exhausted her administrative remedies or timely filed this action.  Because Emory fails to allege those details in the Complaint, this court has no jurisdiction over Emory's tort claims.  See Gillespie, 629 F.2d at 640.  The court dismisses Emory's tort claims, but grants Emory leave to amend the Complaint to cure those pleading defects, if she can.  See id.

         B.   Emory's ADA and Rehabilitation Act Claims.

         Defendants argue that Emory's claims under the ADA and the Rehabilitation Act must be dismissed, as those acts do not waive Defendants' sovereign immunity.  Motion to Dismiss at 7–8. Emory argues in the Complaint that the Eleventh Amendment waives

Defendants' sovereign immunity.  Defendants respond that the
Eleventh Amendment "affects only the states, not the federal
government."  Motion to Dismiss at 8-9.  Because Title II of the
ADA does not apply to the federal government and because
Defendants are immune from any claim for monetary damages under
section 504 of the Rehabilitation Act, the court dismisses
Emory's claims under the ADA and the Rehabilitation Act.

  The Eleventh Amendment to the United States
Constitution states:  "The Judicial power of the United States
shall not be construed to extend to any suit in law or equity,
commenced or prosecuted against one of the United States by
Citizens of another State, or by Citizens or Subjects of any
Foreign State."  "Although by its terms the Amendment applies
only to suits against a State by citizens of another State, [the
Supreme Court's] cases have extended the Amendment's
applicability to suits by citizens against their own States."
Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363
(2001).  The purpose of the Eleventh Amendment is to "prohibit[]
a citizen from suing a state for monetary damages in federal
court without its consent."  See Miranda B. v. Kitzhaber, 328
F.3d 1181, 1184 (9th Cir. 2003) (emphasis added).  Thus, by its
terms and as interpreted by federal courts, the Eleventh
Amendment applies to actions against states, not the federal
government.  Therefore, Emory's argument regarding Eleventh
Amendment immunity is inapplicable in this case against federal

Defendants.  Cf. State of Alaska v. United States, 64 F.3d 1352,
1355 (9th Cir. 1995) ("Federal sovereign immunity is readily
distinguishable from the states' immunity under the Eleventh
Amendment.").

     The United States, as a sovereign, is immune from suit
unless it has waived its immunity or consented to be sued.
Balser v. Dep't of Justice, Office of United States Tr., 327 F.3d
903, 907 (9th Cir. 2003).  A waiver of the federal government's
sovereign immunity "cannot be implied but must be unequivocally
expressed."  Cato v. United States, 70 F.3d 1103, 1107 (9th Cir.
1995).  "A court lacks subject matter jurisdiction over a claim
against the United States if it has not consented to be sued on
that claim."  Balser, 327 F.3d at 907.  "The terms of the United
States' consent to be sued in any court define that court's
jurisdiction to entertain the suit."  Cato, 70 F.3d at 1107.  In
sovereign immunity analysis, any lawsuit against an agency of the
United States or against an officer of the United States in his
or her official capacity is considered an action against the
United States.  Balser, 327 F.3d at 907.

     As previously mentioned, this court construes Emory's
claim under the ADA as alleging violations of Title II, which
proscribes discrimination in the provision of public services.
Title II provides:  "no qualified individual with a disability
shall, by reason of such disability, be excluded from
participation in or be denied the benefits of the services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II applies only to "any State or local government," "any department, agency, special purpose district, or other instrumentality of a State or States or local government," and "the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131. Therefore, the federal government is not subject to Title II of the ADA, and Title II provides no cause of action against Defendants. <u>See</u> <u>Gray v. United States</u>, 69 Fed. Cl. 95, 101 n.5 (2005) ("had [the plaintiff] sought relief against the United States under Title II of the ADA, . . . no court would have been able to exercise subject-matter jurisdiction over the matter"); <u>Foreman v. Bureau of Prisons</u>, 2005 WL 3500807, at *10 (D.N.J. 2005) ("Although the plaintiff attempts to plead claims under Title II of the ADA against the defendants, the ADA does not apply to the federal government, its agencies or employees."); <u>Krumel v. City of Fremont</u>, 2002 WL 808633, at *1 (D. Neb. 2002) ("any remedies available to persons aggrieved under Title II of the ADA . . . are not available against the United States"); <u>County of St. Louis v. Thomas</u>, 967 F. Supp. 370, 376 (D. Minn. 1997) (noting that the plaintiffs could not pursue a claim under the ADA "because the ADA does not provide a cause of action against the federal government"). Because Title II of the ADA does not apply to the federal government, the court dismisses Emory's ADA claim.

Regarding Emory's claim under section 504 of the Rehabilitation Act, the Ninth Circuit says that a "claim for money damages from the federal defendants is barred by the doctrine of sovereign immunity." Dufresne v. Veneman, 114 F.3d 952, 954 (9th Cir. 1997); see also Lane v. Pena, 518 U.S. 187, 192 (1996) ("The clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages for violations of § 504 is lacking in the text of the relevant provisions."); Gray, 69 Fed. Cl. at 102 ("the Federal Government ha[s] not waived its immunity against monetary damages for violations of Section 504(a)"). Thus, Defendants are immune from a claim for monetary damages under § 504 of the Rehabilitation Act.

Notwithstanding Defendants' sovereign immunity, Emory contends that Defendants consented to be sued. She says, "Consent to suit was already given in writing as part of HUD's ruling to ignore Plaintiff's evidence against HCDCH by the Defendants in this case." Complaint ¶ I(D) (discussing state immunity under the Eleventh Amendment). Indeed, "A sovereign may waive its immunity by unequivocally expressing its consent to a court's jurisdiction." Marx v. Gov't of Guam, 866 F.2d 294, 301 (9th Cir. 1989). However, the federal government's consent to suit "will be strictly construed, in terms of its scope, in favor of the sovereign." Quarty v. United States, 170 F.3d 961, 972 (9th Cir. 1999); see also Orsay v. United States Dep't of

<u>Justice</u>, 289 F.3d 1125, 1134 (9th Cir. 2002) ("any ambiguities in the scope of the government's waiver must be construed in favor of immunity").  Because Emory has not provided this court with any evidence that Defendants in fact consented to suit and thereby waived its sovereign immunity, Emory has not met her burden of proving that jurisdiction exists.  <u>See</u> <u>Thornhill Publ'g Co.,</u> 594 F.2d at 733.

        C.   <u>Emory's Claim Under § 1983.</u>

        Defendants argue that Emory's claim under § 1983 must be dismissed because § 1983 "applies only to allegedly unconstitutional actions taken by persons acting under color of state law, not to federal officers acting under color of federal law."  Motion to Dismiss at 9.  Because Defendants were not acting under color of state law, as required by § 1983, the court dismisses Emory's § 1983 claim.

        Section 1983 provides, in relevant part:

> [E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party in an action at law, suit in equity or other proper proceeding to redress.

42 U.S.C. § 1983.  Section 1983 "provides no cause of action against federal agents acting under color of federal law."  <u>Billings v. United States</u>, 57 F.3d 797, 801 (9th Cir. 1995).

Emory does not oppose Defendants' argument that they
are "federal officers acting under of federal law."
Nevertheless, the court acknowledges that "federal employees,
like private individuals, can act under color of state law" when
they act pursuant to power "possessed by virtue of state law and
made possible only because the wrongdoer is clothed with the
authority of state law." Id.; see also Scott v. Rosenberg, 702
F.2d 1263, 1269 (9th Cir. 1983) ("It is true that misuse of
power, possessed by virtue of state law and made possible only
because the wrongdoer is clothed with the authority of state law,
is action taken under color of state law.").  Because the
Complaint does not allege that Defendants acted pursuant to state
law or were otherwise clothed with the authority of state law,
Defendants were federal officers acting under color of federal
law.  The court therefore dismisses Emory's § 1983 claim against
Defendants.  See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th
Cir. 1988) ("There is no valid basis for a claim under section
1983, in that [the plaintiff's] allegations are against federal
officials acting under color of federal law.").

Construing the Complaint liberally, the court believes
that Emory may have intended to assert a claim for money damages
under Bivens v. Six Unknown Named Agents of the Federal Bureau of
Narcotics, 403 U.S. 388 (1971).  In Bivens, the Supreme Court
held that an action for money damages may be brought against
federal agents acting under color of their authority for injuries

13

caused by their unconstitutional conduct.  <u>See</u> <u>Vaccaro v. Dobre</u>,
81 F.3d 854, 856 (9th Cir. 1996); <u>see also</u> <u>Bivens</u>, 403 U.S. at
396-97.  However, "a <u>Bivens</u> action can be maintained against a
defendant in his or her individual capacity only, and not in his
or her official capacity."  <u>Vaccaro</u>, 81 F.3d at 857; <u>see also</u>
<u>Thomas-Lazear v. Fed. Bureau of Investigation</u>, 851 F.2d 1202,
1207 (9th Cir. 1988) ("The <u>Bivens</u> remedy exists against
individual officials, not against the United States."); <u>Daly-</u>
<u>Murphy</u>, 837 F.2d at 355 ("a <u>Bivens</u> action can be maintained
against a defendant in his or her individual capacity only, and
not in his or her official capacity").  Because the Complaint
appears to assert claims against the Secretary and Director in
their official capacities only, a <u>Bivens</u> cause of action is not
available to Emory on this Complaint.  Emory is free, however, if
she is able, to assert a proper <u>Bivens</u> claim against the
Secretary and Director if she chooses to amended her Complaint.

       D.   <u>Emory's FOIA Claim.</u>

       Defendants argue that this court "does not have subject
matter jurisdiction over plaintiff's FOIA claims because she
fails to establish that she has exhausted her administrative
remedies."  Motion to Dismiss at 9.  The addendum to Emory's FOIA
motion contains a letter dated August 7, 2006, in which HUD
affirmed her appeal of the denial of one of her FOIA requests.
Because that letter evinces that Emory did not exhaust her

14

administrative remedies before bringing this action, the court dismisses the FOIA claim.

"Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." In re Steele, 799 F.2d 461, 465 (9th Cir. 1986). "The complainant must request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring a court action under the FOIA." Id. at 466. Where a plaintiff has not fully exhausted the administrative remedies, "courts will assert their lack of jurisdiction under the exhaustion doctrine." Id. The purposes underlying the exhaustion doctrine include "the opportunity for the agency to exercise its discretion and expertise and the opportunity to make a record for the district court to review." Id. (emphasis in original).

The Complaint alleges that "Defendants are refusing to honor Plaintiff's rights to her complete HUD records according to the Freedom of Information Act." Complaint ¶ D(3). In her FOIA motion, Emory asks this court "to require Defendants to produce in reasonable time ALL relevant records to which Plaintiff is legally entitled under the FOIA from 1995 to the present." Memo. in Support at 3. Emory had requested documents from HUD on January 19, 2006, and June 5, 2006, which were resolved by letters dated March 9, 2006, and June 27, 2006. The current record does not indicate whether Emory appealed the March 9,

2006, decision, but Emory did appeal the June 27, 2006 decision on July 7, 2006. HUD affirmed the June 27 decision by letter dated August 7, 2006. Because Emory's appeal of the June 27 decision was pending when she filed the Complaint on July 14, 2006, Emory did not exhaust her administrative remedies prior to bringing this lawsuit. Therefore, this court lacked jurisdiction over Emory's FOIA claim at the time the Complaint was filed. See In re Steele, 799 F.2d at 465 (noting that courts will dismiss actions for lack of jurisdiction when agency procedures have not been exhausted). The court therefore dismisses Emory's FOIA claim.

       E.   Emory's Perjury Claim.

Defendants ask this court to dismiss Emory's claim for perjury as perjury "is a crime, not a civil cause of action." Motion to Dismiss at 7 n.1. The court agrees with Defendants that Emory may not assert a claim for perjury in this civil action. See 18 U.S.C. § 1623. The court therefore dismisses Emory's perjury claim.

       F.   The Court Grants Emory Leave to File a Second Amended Complaint.

The court grants Emory leave to amend her Complaint. If Emory chooses to amend the Complaint, she may not reassert the Fair Housing Act claim dismissed in this court's June 13, 2006, order or the claims for perjury and violation of Title II of the ADA that this court dismisses in this order. Emory may reassert her tort claims, but she must affirmatively allege that she

16

properly exhausted her administrative remedies and filed the
complaint in a timely manner, if that is so.  See 28 U.S.C.
§ 2675; Gillespie, 629 F.2d at 640; 28 C.F.R. § 14.9(a).  If
Emory disagrees with this court that her breach of trust claim is
a claim for the tort of misrepresentation, she may reassert a
breach of trust claim and should specify which trust duties
Defendants violated.

Regarding her ADA claim, if Emory intended to bring
this action under a title other than Title II, she must specify
that title.  This court interpreted Emory's Rehabilitation Act
claim as one for monetary damages, but Emory may clarify in the
amended complaint if she is actually seeking relief other than
damages under section 504 of the Rehabilitation Act.  See
Dufresne, 114 F.3d at 954 (noting that a claim for money damages
under section 504 of the Rehabilitation Act is barred by the
doctrine of sovereign immunity).

Emory may not reassert a claim under § 1983 unless she
alleges that Defendants acted under color of state law.  If Emory
intended to assert a Bivens damage action against federal
officials acting in their individual capacities, she must so
clarify.  She may not assert a Bivens claim against federal
officials acting in their official capacities.  See Vaccaro, 81
F.3d at 857.

Regarding Emory's FOIA claim, Emory must ensure that
she has exhausted her administrative remedies, if that is so.

<u>See</u> <u>In re Steele</u>, 799 F.2d at 465.  Emory should also include in any amended complaint a prayer for relief, specifying whether she seeks monetary damages, injunctive relief, declaratory relief, and/or other relief.

IV.      <u>CONCLUSION.</u>

         The court dismisses Emory's Complaint.  Dismissal renders the following pending motions moot:  (1) Plaintiff's Motion for a Hearing to Prove Defendant Submitted Perjury to This Court; (2) Plaintiff's Motion to Dismiss Submission of Perjury; and (3) Plaintiff's Motion to Require Defendant to Comply with the Freedom of Information Act and to Release All Records Requested by Plaintiff.  The court grants Emory leave to file a Second Amended Complaint by September 30, 2006.  If Emory does not amend her Complaint by that date, this action will automatically be dismissed.

         IT IS SO ORDERED.

         DATED:  Honolulu, Hawaii, August 31, 2006.



                              Susan Oki Mollway
                              United States District Judge

**Jade Emory v. United States Department of Housing and Urban Development, et al.**, Civ. No. 05-00671 SOM/LEK; ORDER DISMISSING AMENDED COMPLAINT; ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT.