IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JADE EMORY, | ) | CIVIL NO. 05-00671 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOUSING & URBAN DEVELOPMENT, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE KOBAYASHI'S ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL DEFENDANTS TO RELEASE HIDDEN RECORDS IN COMPLIANCE WITH THE FREEDOM OF INFORMATION ACT (FOIA) AND PLAINTIFF'S FOURTH MOTION TO COMPEL**

On January 9, 2007, pro se Plaintiff Jade Emory ("Plaintiff") filed her Third Motion to Compel Defendants to Release Hidden Records in Compliance with the Freedom of Information Act ("Third Motion to Compel"). The United States Department of Housing and Urban Development ("HUD") and the individual defendants in their official capacities (collectively "Federal Defendants") filed their memorandum in opposition to the Third Motion to Compel on February 1, 2007. Based on the representations in the Federal Defendants' opposition, this Court issued a February 5, 2007 order denying the Third Motion to Compel as moot ("February 5 Order"). Plaintiff filed the instant Appeal of Magistrate Judge Kobayashi's Order Denying Plaintiff's Third Motion to Compel Defendants to Release Hidden Records in

Compliance with the Freedom of Information Act (FOIA) and Plaintiff's Fourth Motion to Compel ("Motion") on February 13, 2007.  On February 14, 2007, the district court entered an order construing the Motion as a request for reconsideration of the February 5 Order and remanding the Motion to this Court.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff's Third Motion to Compel sought "an estimable 200 pages of evidence in San Francisco's HUD office and records in Honolulu's HUD office going back to 1995, as requested by Plaintiff[.]"  [Third Motion to Compel at 1.]  With their memorandum in opposition to the Third Motion to Compel, Federal Defendants submitted a January 5, 2007 letter that Plaintiff sent to defense counsel requesting the documents.  The letter stated that Plaintiff sought: "all records in San Francisco's HUD office which show the investigator, Mr. Madaraka's respect for the validity for [Plaintiff's] case against HCDCH[;[1]]" and "all

---

[1] HCDCH is the Housing and Urban Development Corporation of Hawai`i.

records from Honolulu's HUD office indicating the corruption in HHA, later known as HCDCH, and now calling itself PHAH (Public Housing Authority of Hawai`i)[.]"  [Mem. in Opp. to Third Motion to Compel, Exh. A at 2.]

On January 31, 2007, defense counsel sent to a letter to Plaintiff in response.  The letter noted that Plaintiff's FOIA requests to HUD sought documents indicating that anyone within HCDCH had been convicted of a crime.  Counsel stated that there were no such documents, but that HUD would produce, pursuant to the FOIA, documents regarding "HCDCH's repayment to HUD of about $771,000 on a contract that was issued by HCDCH to the ex-husband of the former Executive Director" and "HCDCH losing funds under the Public Housing Drug Elimination Program (PHDEP) because it did not obligate and expend the funds by the time allowed for the funding."  [Mem. in Opp. to Third Motion to Compel, Exh. B at 1.] Counsel stated that the production would consist of approximately 300 pages.  The reproduction cost would be $0.15 per page, or about $45.00, and the professional search time incurred to find the documents was six hours at $37.00 per hour, for a total of $222.00.  Thus, the grand total fee for the FOIA production would be $267.00.  [Id.]  The letter also noted that Plaintiff had requested documents concerning Mitsuo Shito's prosecution, but HUD does not have any documents responsive to this request because it was a state court case.  Counsel noted that, other

3

than the Determination of No Reasonable Cause, there were no other documents by Jelani Madaraka which made a recommendation regarding Plaintiff's complaint against HCDCH.  Further, there were no documents supporting what Plaintiff called the "Glogower Treaty".  Counsel stated that this was probably due to the fact that most of Mr. Glogower's work on Plaintiff's case was done orally rather than in writing.  [Id. at 2.]

In their opposition to the Third Motion to Compel, Federal Defendants stated that the documents Plaintiff requested fell into two categories: documents concerning Plaintiff; and documents concerning HUD's oversight of HCDCH and HUD's investigation into allegations against HCDCH.  Federal Defendants stated that they would release the documents concerning Plaintiff in their entirety and that Plaintiff would thereafter have her entire HUD file.  With regard to the second category, Federal Defendants stated that "HUD will release these document[s] under FOIA if plaintiff pays the appropriate processing fees, and allows sufficient time for redaction of privacy and other protected information[,]" including information protected by the deliberative process privilege and other protections.  [Mem. in Opp. to Third Motion to Compel at 4.]  Federal Defendants argued that these productions would render the Third Motion to Compel moot because they agreed to produce "virtually all" of the documents Plaintiff requested.  [Id.]  This Court agreed.

4

In the instant Motion, Plaintiff seeks reconsideration of the Court's February 5 Order. She argues that Federal Defendants have only offered to "release some, but not the most significant documentation which Plaintiff requires . . . ." [Motion at 1.] She also complains that the documents that Federal Defendants will produce do not include the specific information she requested, including "the specific dates of Plaintiff's many phone calls to HUD seeking intervention after the HUD Enforcer position was concluded, including the contents of those phone calls"; "the exact contents of the former HUD Enforcer's (supposedly) verbal contract with HCDCH which was intended to accommodate Plaintiff's pulmonary disability"; and "the exact date that the former HUD Enforcer, Mr. Glogower left Hawai`i". [Id. at 2.] Plaintiff also argues that HUD should not require her to pay the $267.00 fee for the production of the documents because she is prosecuting the instant case *in forma pauperis*. She suggests that she be allowed to review the documents to be produced so that she can determine whether they satisfy her request before she pays for them.

Finally, Plaintiff apparently asks Federal Defendants to admit that they committed perjury when they submitted a declaration stating that "the entire San Francisco HUD records DO NOT contain any recommendation from HUD's Investigator, Lead Civil Rights Analyst Jelani Madaraka, that San Francisco HUD deny

Plaintiff's claims against HCDCH . . . ."  [Id. (emphasis in original).]

## DISCUSSION

### I. Reconsideration of February 5 Order

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.  Plaintiff has not alleged an intervening change in the law, or that there is newly discovered evidence.  She apparently argues that reconsideration is necessary to correct clear error or prevent manifest injustice because the documents Federal Defendants have offered to produce do not satisfy her request.

#### A. Whether Federal Defendants Agreed to Produce All Relevant, Non-privileged Documents Responsive to Plaintiff's Request

The Third Motion to Compel sought "an estimable 200 pages of evidence in San Francisco's HUD office and records in Honolulu's HUD office going back to 1995, as requested by Plaintiff[.]"  Plaintiff's January 5, 2007 letter stated that she sought "all records in San Francisco's HUD office which show the

6

investigator, Mr. Madaraka's respect for the validity for [Plaintiff's] case against HCDCH[;]" and "all records from Honolulu's HUD office indicating the corruption in HHA, later known as HCDCH, and now calling itself PHAH (Public Housing Authority of Hawai`i)[.]"

      The Federal Rules of Civil Procedure provide that: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . [or] reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b).  Defense counsel's January 31, 2007 letter stated that there were no documents, other than the Determination of No Reasonable Cause, in which Jelani Madaraka made a recommendation regarding Plaintiff's complaint.  Federal Defendants will produce all documents from Plaintiff's HUD file which they have not previously produced. Plaintiff will thereafter have her entire HUD file.

      Plaintiff also requested documents regarding HUD's oversight or investigation of HCDCH.  Defense counsel stated that HUD did not have some of the specific documents Plaintiff requested.  Pursuant to the FOIA, HUD has offered to produce documentation regarding two incidents requiring HUD investigation or oversight.  The only material that HUD will redact before production is information protected by the Privacy Act or privileged information.

7

This Court finds that Federal Defendants have offered to produce all the relevant, non-privileged material that they have which is responsive to Plaintiff's requests. In the instant Motion, Plaintiff argues that Federal Defendants' proposed production does not include documentation of three specific areas. There is no indication, however, that Plaintiff ever specifically requested this information prior to the filing of the instant Motion. If Plaintiff reviews the production and finds that it does not include the information she is looking for, she can serve a discovery request upon Federal Defendants, such as a request for production of documents pursuant to Federal Rule of Civil Procedure 34 or request for answers to interrogatories pursuant to Federal Rule of Civil Procedure 33. The discovery request should describe the precise information that Plaintiff seeks.

**B.    Whether Federal Defendants Can Require Plaintiff to Pay for the Proposed Production**

Federal Defendants have stated that, pursuant to the FOIA, they will produce the documents regarding HUD's oversight and investigation of HCDCH after Plaintiff pays the $267.00 fee for the search and duplication of the documents.[2]  Plaintiff

---

[2] Based on this Court's reading of defense counsel's January 31, 2007 letter to Plaintiff, this fee applies to the documents regarding HUD's oversight and investigation of HCDCH.  HUD will apparently produce the documents from Plaintiff's HUD file without a fee.

8

argues that she should not be required to pay the fee because she has been granted *in forma pauperis* status in this case and because she does not know if the documents Federal Defendants propose to produce are the documents that she wanted. Plaintiff's argument is misplaced.

The district court's October 25, 2005 order did grant Plaintiff leave to proceed *in forma pauperis* in this action. That order, however, is not a waiver of the fee requirements contained in HUD's regulations regarding FOIA requests. The FOIA requires agencies to promulgate regulations specifying a fee schedule for the processing of FOIA requests and the procedures for obtaining a fee waiver or reduction. See 5 U.S.C. § 552(a)(4)(A)(i).

> (ii) Such agency regulations shall provide that--
> (I)  fees shall be limited to reasonable standard charges for document search, duplication, and review, when records are requested for commercial use;
> (II) fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research; or a representative of the news media; and
> (III) for any request not described in (I) or (II), fees shall be limited to reasonable standard charges for document search and duplication.
> (iii) Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public

understanding of the operations or activities of
 the government and is not primarily in the
 commercial interest of the requester.

§ 552(a)(4)(A)(ii)-(iii). HUD's regulations regarding fees for FOIA requests are set forth in 24 C.F.R. § 15.110. Plaintiff falls within the "other requester" category. See § 15.110(b)(5). The fees that apply to persons within the "other requester" category include, *inter alia*: professional search at $37.00 per hour, with no charge for the first two hours; and duplication costs of $0.15 per page, with no charge for the first 100 pages. See § 15.110(c). Further, if the fee is more than $250.00, HUD may require the requester to pay the fees in advance before it sends the requester any records. See § 15.110(i). HUD may reduce or waive the fees if it determines "that disclosure of the information you seek is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and that you are not seeking the information for your own commercial interests[.]" § 15.110(h).

The documents that HUD will produce pursuant to the FOIA are responsive to Plaintiff's requests. The fees that HUD will charge for the production, as well as the requirement that Plaintiff pay the fee before production, are consistent with the

FOIA and HUD's regulations implementing FOIA procedures.[3] Plaintiff has not established that a fee reduction or waiver is warranted under § 15.110(h).  If Plaintiff feels that the documents HUD will produce may not be the documents she seeks and she is unwilling to pay for them, Plaintiff may withdraw her request and submit a more detailed request.

This Court therefore finds that Federal Defendants' response to the Third Motion to Compel renders all of Plaintiff's discovery requests therein moot.  Reconsideration of the February 5 Order is not warranted.

### III. **Fourth Motion to Compel**

Plaintiff apparently seeks an admission from Federal Defendants that they committed perjury when they submitted a declaration stating that "the entire San Francisco HUD records DO NOT contain any recommendation from HUD's Investigator, Lead Civil Rights Analyst Jelani Madaraka, that San Francisco HUD deny Plaintiff's claims against HCDCH . . . ."  If Plaintiff seeks a judicial admission from a party, she must follow the procedures described in Federal Rule of Civil Procedure 36.  There is no indication in the record that Plaintiff has made such a request.  This Court will therefore take no action on this matter.

---

[3] The Court notes that this is not Plaintiff's first FOIA request to HUD.  The initial two hours of searching and 100 pages of duplication at no cost does not apply.  See § 15.110(e).

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Appeal of Magistrate Judge Kobayashi's Order Denying Plaintiff's Third Motion to Compel Defendants to Release Hidden Records in Compliance with the Freedom of Information Act (FOIA) and Plaintiff's Fourth Motion to Compel, filed February 13, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 23, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JADE EMORY V. UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, ET AL**; CIVIL NO. 05-00671 SOM-LEK; ORDER DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE KOBAYASHI'S ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL DEFENDANTS TO RELEASE HIDDEN RECORDS IN COMPLIANCE WITH THE FREEDOM OF INFORMATION ACT (FOIA) AND PLAINTIFF'S FOURTH MOTION TO COMPEL