IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JADE EMORY, | ) | CIVIL NO. 05-00671 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANTS' |
| vs. | ) | MOTION FOR MORE DEFINITE |
| | ) | STATEMENT OR, ALTERNATIVELY, |
| UNITED STATES DEPARTMENT OF | ) | FOR ENTRY OF FINAL JUDGMENT, |
| HOUSING AND URBAN | ) | AND TO VACATE THE TRIAL |
| DEVELOPMENT, et al., | ) | SCHEDULE; ORDER DENYING |
| | ) | PLAINTIFF'S MOTION FOR FINAL |
| Defendants. | ) | SUMMARY JUDGMENT |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
FOR MORE DEFINITE STATEMENT OR, ALTERNATIVELY, FOR ENTRY OF
FINAL JUDGMENT, AND TO VACATE THE TRIAL SCHEDULE; ORDER
DENYING PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT

I.      INTRODUCTION.

On September 29, 2006, Plaintiff Jade Emory ("Emory") filed her second amended complaint ("Complaint") against Defendants United States Department of Housing and Urban Development ("HUD"), Alphonso Jackson, Charles Hauptman, Anne Quesada, and Michael Flores (collectively, "Defendants").[1] In earlier orders, the court disposed of all claims in the Complaint except the following: (1) "tort claims against the individual Defendants"; and (2) "such other claims, if any, as Emory may establish are sufficiently asserted in the Complaint."

On June 13, 2007, Defendants moved for a more definite statement of any remaining claims or, alternatively, for entry of

---

[1] On May 10, 2007, the court granted Emory's motion to dismiss all claims against Defendant Jelani Madaraka.

final judgment.  With respect to the remaining tort claims, Defendants claim to be immune from them under 28 U.S.C. § 2679(b)(1).  With respect to other remaining claims, Defendants ask the court to "direct plaintiff, within 30 days, to make a definite statement of any claim that she believes remains." Defendants also ask the court to "vacate the current trial date of September 12, 2007, and related dates."  The court denies Defendants' request to enter final judgment or to vacate the trial and other dates, but grants Defendants' motion to the extent it seeks a more definite statement of all remaining claims asserted in the Complaint.[2]

On July 12, 2007, Emory moved the court for final summary judgment.[3]  Because Emory's motion raises claims that

---

[2] Although Emory filed a complaint of judicial misconduct that is currently being reviewed by the Judicial Council of the Ninth Circuit, this court is not prohibited from ruling on the present motions.  Rule 1(f) of the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct of Disability ("Misconduct Rules") states that the "complaint procedure may not be used to have a judge disqualified from sitting on a particular case."  Even if a special committee is appointed to investigate a complaint, which has not occurred here, the judge is not necessarily disqualified from ruling on pending motions.  See Misconduct Rule 18(e) (stating that a judge under investigation is disqualified from serving on "(1) any special committee appointed under Rule 4(e), (2) the judicial council of the circuit, (3) the Judicial Conference of the United States, and (4) the Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States").

[3] Emory filed a single document (Doc. No. 128), which consists of her opposition to Defendants' motion and her own motion for summary judgment.  Emory calls her filing "Plaintiff's

this court previously dismissed or entered summary judgment on, the court denies Emory's motion for summary judgment.[4]

II.       LEGAL STANDARDS.

        A.    Motion for More Definite Statement.

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Such motions are "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz. 2003) (citing Sheffield v. Orius Corp., 211 F.R.D. 411, 414-15 (D. Or. 2002)). A motion for a more definite statement is generally left to the district court's discretion. Id. Here, Defendants have not yet filed an Answer to the Complaint.

        B.    Motion for Summary Judgment.

Summary judgment shall be granted when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

Response to Defendants' Motion for a More Definite Description of Plaintiff's Charges and Claims Against Each Named Defendant[;] Plaintiff's Motion for Final Summary Judgment Based on the Irrefutability of These Claims."

   [4] The court, in its discretion, rules on the present motions without a hearing. See LR 7.2(d).

>             that there is no genuine issue as to any
>             material fact and that the moving party is
>             entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 383 F.3d 1018, 1024 (9th Cir. 2004); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

4

"A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003).

III.    BACKGROUND.

The court incorporates the factual background stated in its orders of December 12, 2006, and May 10, 2007, but also provides procedural facts pertinent to the motions presently before the court.

On October 24, 2005, Emory filed her original complaint against HUD, asserting that HUD had violated the Fair Housing Act, 45 U.S.C. §§ 3601-3631.  On June 9, 2006, the court dismissed that complaint on sovereign immunity grounds and granted Emory leave to file an amended complaint.

On July 14, 2006, Emory filed her first amended complaint against Defendants, asserting:  (1) various tort claims; (2) claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (3) claims under 42 U.S.C. § 1983; (4) claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and (5) perjury claims.  On August 31, 2006, the court dismissed each claim in the first amended complaint and granted Emory leave to file the present Complaint.

In her present Complaint, Emory asserts that Defendants:  (1) committed various torts, (2) refused to "require

5

state compliance" with the ADA and section 504 of the Rehabilitation Act, (3) obstructed justice; and (4) failed to comply with FOIA.  Emory also claims that the individual Defendants violated the First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

On December 12, 2006, the court dismissed:  (1) tort claims against HUD and the official Defendants; (2) claims against HUD and the official Defendants under the ADA or section 504 of the Rehabilitation Act for money damages; and (3) claims against all Defendants for obstruction of justice.

On May 10, 2007, the court granted summary judgment in favor of the individual Defendants on Emory's Bivens claims and dismissed the FOIA claims against all Defendants other than HUD.  That order expressly left "the following claims for further adjudication:  (1) the FOIA claims against HUD; (2) tort claims against the individual Defendants; and (3) such other claims, if any, as Emory may establish are sufficiently asserted in the Complaint."

On May 11, 2007, the court granted summary judgment in favor of HUD on Emory's FOIA claims.

6

IV.     ANALYSIS.

      A.   Defendants' Motion for More Definite Statement.

Defendants acknowledge that the court's earlier orders disposed of all but two categories of claims asserted in the Complaint: (1) "tort claims against the individual Defendants"; and (2) "such other claims, if any, as Emory may establish are sufficiently asserted in the Complaint." With respect to the tort claims, Defendants point to 28 U.S.C. § 2679(b)(1) for the proposition that the Federal Tort Claims Act is "the exclusive remedy for claims against an individual employee arising from allegations of negligence committed within the scope of employment." Defendants' Motion at 3. Regarding the second category of claims, Defendants ask the court "to direct [Emory], within 30 days, to make a definite statement of any claim that she believes remains following the court's orders." Id. In response, Emory points to claims asserted in the Complaint that this court has already disposed of. The court grants Defendants' request for a more definite statement.

      1.   Defendants' Immunity from the Tort Claims.

Defendants cite to 28 U.S.C. § 2679(b)(1) in arguing that they are immune from all tort claims against them in their individual capacities because they arise "from allegations of negligence committed within the scope of employment." Defendants' Motion at 3. Because Defendants have not submitted a

certification that their allegedly wrongful acts occurred within the scope of their office or employment, and because the court has not been asked to make that certification itself, the court is not persuaded that, on the current record, Defendants are immune from tort claims against them individually.

Section 2679(b)(1) is part of the Federal Employees Liability Reform and Tort Compensation Act, which was "intended to provide federal employees with absolute immunity from suit for common law torts committed within the scope of their employment." <u>Arthur v. United States</u>, 45 F.3d 292, 295 (9th Cir. 1995). Section 2679(b)(1) provides in pertinent part:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

According to the Ninth Circuit, "The immunity is implemented by a procedure under which a defendant in a civil action who contends that she was an employee of the Government acting within the scope of her employment at the time of the claimed act or omission, delivers the pleadings and process to her superior." <u>Arthur</u>, 45 F.3d at 295 (citing 28 U.S.C. § 2679(c)). "The Attorney General may then certify that the

8

employee was within the scope of her employment at the time of the incident."  Id. (citing 28 U.S.C. § 2679(d)(1)).  "If the Attorney General refuses to certify scope of office or employment, the employee may request the district court to 'find and certify that the employee was acting within the scope of his office or employment.'"  Id. (citing 28 U.S.C. § 2679(d)(3)).  In such a case, the court must make that determination utilizing the principles of respondeat superior of the state in which the alleged torts occurred.  Pelletier v. Fed. Home Loan Bank of San Francisco, 968 F.2d 865, 876 (9th Cir. 1992).

Although Defendants seek immunity from the remaining tort claims under 28 U.S.C. § 2679(b)(1), Defendants have neither presented the court with a certification by the Attorney General that they were acting within the scope of their office or employment at the time the claims arose nor asked this court to make that determination on its own.  Without such certification, Defendants have not established that they were "acting within the scope of [their] office or employment" when the claims arose.  The court is therefore unpersuaded that, on the present record, the individual Defendants are immune from the remaining tort claims against them.  Such claims remain for further adjudication.

Although the Complaint expressly asserts tort claims, it does not clearly state which Defendants committed the alleged

9

torts or whether those Defendants are being sued in their official or individual capacities for those claims.  Because the Complaint is unclear on these grounds, Defendants and this court are left to guess which tort claims remain against which Defendants.  The court therefore directs Emory to file a more definite statement of her tort claims against the individual Defendants no later than August 23, 2007.  In her statement, Emory should (1) enumerate the remaining tort claims that are asserted in the Complaint, (2) state which individual Defendant committed each tort, and (3) confirm that each Defendant is being sued in his or her individual capacity with respect to each tort claim.  If Emory chooses to rely on her opposition memorandum for a statement of her claims instead of filing a more definite statement, she may file a statement expressly stating so no later than August 23, 2007.

### 2.   Other Remaining Claims.

In addition to the remaining tort claims against the individual Defendants, the court's May 10, 2007, order stated that there may be other claims asserted in the Complaint that this court has not yet disposed of.  Although the court construes Emory's opposition to Defendants' motion as an attempt to specify such remaining claims, all of the claims mentioned in her opposition have already been disposed of in prior orders.  Specifically, Emory raises claims under the Fair Housing Act, the

ADA, the Rehabilitation Act, FOIA, and Articles 1, 5, 9, and 14 of the United States Constitution.  Opp. at 3-8.  Emory also reasserts that Defendants obstructed justice and that the official Defendants committed various torts against her.  Opp. at 1, 6.  The court clearly disposed of each of these claims in its earlier orders.

Because Emory may be justified in arguing that other claims asserted in the Complaint remain for further adjudication, Emory may enumerate such claims, if any, in her more definite statement.  In so doing, Emory should state which Defendant is being sued for each claim.  In her statement, Emory should not include any claim that this court has previously disposed of.

B.    Emory's Motion for Summary Judgment.

Emory's opposition memorandum to Defendants' motion includes a "motion for final summary judgment."  However, as indicated above, each claim mentioned in her opposition and/or motion was already disposed of in this court's previous orders.  Because Emory's motion seeks summary judgment on claims that no longer remain before the court, it is denied.

V.    CONCLUSION.

The court grants Defendants' motion to the extent it seeks a more definite statement of all remaining claims.  Emory may either:  (1) file a statement expressly stating which claims remain against which Defendant and confirming that each such

Defendant is being sued in his or her individual capacity; or (2) submit a statement indicating that she chooses to rely on her opposition memorandum, filed on July 12, 2007, as a statement of her remaining claims.  Emory's statement shall be filed no later than August 23, 2007.  The court denies Defendants' motion in all other respects and denies Emory's motion for summary judgment.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, July 24, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Jade Emory v. United States Department of Housing and Urban Development, et al.**, **Civ. No. 05-00671 SOM/LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT OR, ALTERNATIVELY, FOR ENTRY OF FINAL JUDGMENT, AND TO VACATE THE TRIAL SCHEDULE; ORDER DENYING PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT.**