IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JADE EMORY, | ) | CIVIL NO. 05-00671 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER OVERRULING PLAINTIFF'S |
| | ) | OBJECTION TO THE SUBSTITUTION |
| vs. | ) | OF THE UNITED STATES AS A |
| | ) | DEFENDANT |
| UNITED STATES DEPARTMENT OF | ) | |
| HOUSING AND URBAN | ) | |
| DEVELOPMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE
SUBSTITUTION OF THE UNITED STATES AS A DEFENDANT

On July 27, 2007, Defendants United States Department

of Housing and Urban Development, Alphonso Jackson, Charles

Hauptman, Anne Quesada, and Michael Flores (collectively,

"Defendants") filed a Notice of Substitution of United States as

Defendant, stating that "the United States of America is

substituted as defendant herein in place of defendants Charles

Hauptman, Anne Quesada, and Michael Flores."[1]  Notice at 2

(citing 28 U.S.C. § 2679(d)(1)).  On August 7, 2007, Plaintiff

Jade Emory ("Emory") filed an objection to the substitution,

which the court overrules.

Pursuant to 28 U.S.C. § 2679(d)(1),

Upon certification by the Attorney General
that the defendant employee was acting within
the scope of his office or employment at the
time of the incident out of which the claim

_____

[1] The Notice of Substitution neither concerns nor seeks to
substitute Defendant Alphonso Jackson.

> arose, any civil action or proceeding
> commenced upon such a claim in a United
> States district court shall be deemed an
> action against the United States under the
> provisions of this title and all references
> thereto, and the United States shall be
> substituted as the party defendant.

See also Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 431

(1995) ("When the Attorney General has granted certification, if

the case is already in federal court . . . , the United States

will be substituted as the party defendant."). The Attorney

General has delegated his authority to make such a certification

to the United States Attorneys. Meridian Int'l Logistics v.

United States, 939 F.2d 740, (9th Cir. 1991) ("The Attorney

General, pursuant to his authority under 28 U.S.C. § 510, has

delegated this authority to the United States Attorneys.")

(citing 28 C.F.R. § 15.3)).

Attached to Defendants' Notice of Substitution is the

Certificate of Edward H. Kubo, Jr. ("Kubo"), in which Kubo says

he is "the United States Attorney for the District of Hawaii."

Certificate of Edward H. Kubo, Jr., ¶ 1. Kubo also certifies

that "Defendants Charles Hauptman, Anne Quesada, and Michael

Flores were acting within the scope of their employment for the

United States Department of Housing and Urban Development in

taking the actions alleged in the Second Amended Complaint." Id.

¶ 3. Given Kubo's certification and the filing of this action in

a United States district court, § 2679(d)(1) mandates that "the

United States shall be substituted as the party defendant" for
Hauptman, Quesada, and Flores.  The substitution of those
Defendants by the United States is therefore proper, and the
court overrules Emory's objection.


              IT IS SO ORDERED.

              DATED:  Honolulu, Hawaii, August 9, 2007.



                                   _____
                                   Susan Oki Mollway
                                   United States District Judge


**Jade Emory v. United States Department of Housing and Urban Development, et
al.**, Civ. No. 05-00671 SOM/LEK; ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE
SUBSTITUTION OF THE UNITED STATES AS A DEFENDANT.